**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01464-CNS-KAS

KYLE ACIERNO,

    Plaintiff,

v.

ISPACE TECHNOLOGIES U.S. INC., a foreign corporation,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS COUNT FIVE**

---

Defendant ispace technologies U.S., inc. ("ispace U.S." or "Defendant") respectfully submits this Motion to Dismiss Count Five of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**I.   BACKGROUND[1]**

ispace U.S. is a lunar exploration company that develops technology to deliver payloads to the moon. Compl. at ¶¶ 38, 77. Plaintiff was formerly employed by ispace U.S. as its Chief Executive Officer beginning on August 15, 2020, and he alleges he was discriminated against on the basis of his race (White) and nationality (Canadian). *Id*. at "Introduction," ¶¶ 28-29. ispace U.S. performs subcontracting work for governmental entities such as the National Aeronautics Space Administration ("NASA"). *Id*. at ¶¶ 5, 32, 70 n. 3. Last year, ispace U.S. obtained a contract to provide government subcontracting services on a team led by The Charles Stark Draper

---

[1] This Background section is derived from the allegations in Plaintiff's Complaint. ispace U.S. assumes (but does not admit) the truth of the allegations solely for purposes of this Motion.

1

Laboratory, Inc., a prime contractor awarded a Commercial Lunar Payload Services ("CLPS") contract from NASA. *Id.* Because ispace U.S. is a government subcontractor, Plaintiff contends that it must comply with Executive Order 11246, which prohibits qualifying subcontractors from discriminating in employment decisions on the basis of race, color, religion, sex, sexual orientation, gender identity or national origin. Compl. at ¶ 78. Count Five of Plaintiff's Complaint purports to state a cause of action for breach of contract pursuant to Executive Order 11246. Compl. at ¶¶ 135-141. Plaintiff contends that ispace U.S.'s alleged discrimination against Plaintiff breaches any government contract that complies with Executive Order 11246 by including mandated commitments to affirmative action and non-discrimination. *Id.* Because Plaintiff is not a party himself to any contract between ispace U.S. and a government contractor, Plaintiff alleges that he is a third-party beneficiary of such contracts in order to sustain his fifth cause of action. *Id.* at ¶¶ 137-39. However, case law is abundantly clear that Plaintiff possesses no private right of action for an alleged breach of the terms mandated by Executive Order 11246.

## II.     LEGAL STANDARD

A complaint must be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the Court accepts well-pleaded allegations as true, and construes them favorably to the plaintiff, a complaint must include facts to state a claim to relief that is plausible on its face. *Ton Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007). Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b) and when granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

### III. ARGUMENT

Count Five of Plaintiff's Complaint fails to state a claim upon which relief can be granted because Executive Order 11246 does not create a private right of action. "[V]irtually every federal court to consider the issue has held that Executive Order 11246 does not provide a private right of action." *Riggs v. Boeing Co.*, 1999 U.S. Dist. LEXIS 5818, at *3-4 (D. Kan. Mar. 4, 1999) (collecting cases). The Tenth Circuit is among the courts that have held that a plaintiff cannot bring an employment discrimination action pursuant to Executive Order 11246. *Suazo v. Regents of Univ. of California*, 1998 U.S. App. LEXIS 13581, No. 97-2211, at *6 (10th Cir. June 24, 1998) (holding that Executive Order 11246 does not create a private right of action).

Courts have also rejected the theory that employees can sue for breach of contract for alleged violations of the non-discrimination terms mandated in government contracts by Executive Order 11246. *Hamilton v. Sikorsky Aircraft Corp.*, 760 Fed. Appx. 872, 880 (11th Cir. 2019) (quoting *Eatmon v. Bristol Steel & Iron Works, Inc.*, 769 F.2d 1503, 1515 (11th Cir. 1985)) (rejecting cause of action for breach of contract pursuant to the contractual obligations under Executive Order 11246 because "executive order 11246 does not create a private cause of action for employees to enforce the equal opportunity clause in their employers' government contracts"); *see also Shay v. RWC Consulting Group*, 2014 U.S. Dist. LEXIS 94136, No. CIV 13-0140 JB/ACT, at *125-27 (D.N.M. June 30, 2014) ("Conspicuously absent from the list [of penalties for violating Executive Order 11246]—or from anywhere in Executive Order 11246—is a provision permitting employees to sue as third party beneficiaries"). The court in *Shay* explained that "the portion of Executive Order 11246 that is included in all federal contracts…fails to meet the ordinary test for imparting third-party beneficiary status," and plaintiffs cannot circumvent the widely established

3

case law rejecting private causes of action under Executive Order 11246 by alleging that they were a third party beneficiary of a government contract. *Id.* at *128-29. As such, Plaintiff's fifth cause of action must be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Defendant ispace U.S. respectfully requests that the Court dismiss Plaintiff's fifth cause of action with prejudice.

Dated: September 7, 2023    Respectfully submitted,

*s/ Julia A. Pair*
Amanda E. Colvin
Julia A. Pair
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Phone: (314) 259-2000
Fax: (314) 259-2020
amanda.colvin@bclplaw.com
julia.pair@bclplaw.com

L. Anthony George, #24953
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO  80203
Phone: (303) 861-7000
Fax:    (303) 866-0200
anthony.george@bclplaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2023, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS COUNT FIVE** was served via CM/ECF on the following:

Siddhartha H. Rathod
Azra B. Taslimi
Iris Halpern
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205

*Attorneys for Plaintiff*

*s/ Julia A. Pair*