# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01464-CNS-KAS

KYLE ACIERNO,

    Plaintiff,

v.

ISPACE TECHNOLOGIES U.S. INC., a foreign corporation,

    Defendant.

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant ispace technologies U.S., inc. ("ispace U.S." or "Defendant") submits the following Answer and Defenses to the Complaint of Plaintiff Kyle Acierno as follows:

## ANSWER

In response to the allegations contained in Plaintiff's "Introduction" paragraph, Defendant admits that it is a wholly owned subsidiary of ispace, inc. ("ispace"), a company headquartered in Tokyo, Japan. Defendant further admits that the company name "ispace" is trademarked in all lowercase letters. Defendant denies the remaining allegations in Plaintiff's "Introduction" paragraph.

1. The allegations in Paragraph 1 state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring an action against Defendant under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended by Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. Defendant admits that its principal place of business in the United States is located in Colorado and that venue is proper. Defendant states that the phrase "a substantial part" is too vague and ambiguous to admit or deny Plaintiff's allegation in this regard and therefore denies the remaining allegations in Paragraph 2.

3. Defendant states that the phrase "all relevant times material to this Complaint" is too vague and ambiguous to admit or deny the allegations in Paragraph 3. Defendant states that upon information and belief, and to the best of its knowledge, Plaintiff is a Caucasian male born in Canada. Defendant is without knowledge sufficient to admit or deny Plaintiff's allegation regarding his "ancestry" and therefore denies the same.

4. Defendant admits that its principal place of business is 12876 E. Adam Aircraft Circle, Englewood, CO 80112. Defendant states that the phrases "all relevant time [sic] hereto" and "the relevant time period" are too vague and ambiguous to admit or deny the allegation containing them and therefore denies them. Defendant states that the term "all relevant statutes" is too vague and ambiguous to admit or deny the allegations containing them and therefore denies the same. Defendant denies the remaining allegations in Paragraph 4.

5. The allegations contained in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is a government contractor and avers that it complies with all federal, state, and local laws to which it is subject.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant states that Plaintiff's reference to multiple "Charges of Discrimination" is too vague and ambiguous to admit or deny the allegations in Paragraph 7 and therefore denies the same.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant admits that upon information and belief, and to the best of its knowledge, Plaintiff is "White." Defendant is without information or knowledge sufficient to form a belief as to the town Plaintiff was "born and raised" in, and therefore denies the remaining allegations in Paragraph 10.

11. Defendant admits that upon information and belief, and to the best of its knowledge, Plaintiff attended Simon Fraser University in Burnaby, Canada. Defendant admits that Plaintiff attended ISU. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 11 and therefore denies the same.

12. Defendant admits that Plaintiff completed a master's degree at ISU. Defendant states that it is without information or knowledge as to what Plaintiff "focused" on during his education sufficient to form a belief regarding the remaining allegations in Paragraph 12 and therefore denies the same.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant admits the allegations in Paragraph 14.

15. Defendant admits that Plaintiff covered certain expenses such as accommodations during his internship. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant admits that during his internship, Plaintiff worked to develop a model for Defendant's global expansion which included exploring significant new revenue streams, opportunities for growth, and preparing business plans and strategies for global expansion. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that ispace, inc. CEO Takeshi Hakamada ("CEO Hakamada") hired Plaintiff after his internship with ispace, inc. as Global Business Development Manager with the stated objective of developing ispace, inc.'s relationships and credibility in the international market. Defendant denies the remaining allegations in Paragraph 17.

18. Defendant admits that Plaintiff helped to establish a global presence for the company, that Plaintiff spoke about ispace, inc. in forums across the world, and that Plaintiff developed an important connection between ispace, inc. and NASA's Ames Research Center. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19.

20. Defendant admits that Plaintiff assisted in obtaining memoranda of understanding. Defendant denies the remaining allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant admits the allegations in Paragraph 22.

23. Defendant admits that Plaintiff contributed to obtaining a memorandum of understanding between ispace, inc. and Luxembourg, reflecting a double digit million Euro deal between Luxembourg and ispace, and that as a result of this memorandum of understanding, ispace established an office in Luxembourg to which Plaintiff was appointed Managing Director. Defendant denies the remaining allegations in Paragraph 23.

24. Defendant admits that the Luxembourg office grew to approximately twenty-five employees while Plaintiff was Managing Director and that he contributed to the development of lunar rovers. Defendant denies the remaining allegations in Paragraph 24.

4

25. Defendant admits that following Plaintiff's employment with ispace EUROPE S.A. ("ispace EU") in Luxembourg, Plaintiff was appointed as Vice President of Global Sales Strategy by ispace, inc. in April 2019. Defendant denies the remaining allegations in Paragraph 25.

26. Defendant admits that Plaintiff contributed to payload sales from customers in the United Arab Emirates, Canada, and the Unites States. Defendant admits the allegations contained in footnote 2 to Paragraph 26. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27.

28. Defendant admits that the American subsidiary of ispace is called ispace technologies U.S., inc. Defendant admits that it opened an office in Denver, Colorado in August 2020. Defendant denies the remaining allegations in Paragraph 28.

29. Defendant admits the allegations in Paragraph 29.

30. Defendant admits that while Plaintiff was the CEO of ispace U.S., the company grew from a few employees to approximately forty-five employees. Defendant denies the remaining allegations in Paragraph 30.

31. Defendant admits that it is highly regarded in the field of lunar exploration and that Plaintiff made efforts to oversee the development, expansion, and technical expertise of the ispace U.S. team. Defendant states that the term "recent achievements" is too vague and ambiguous to admit or deny the remaining allegations in Paragraph 31 and therefore denies the same.

32. Defendant admits that in July 2022, NASA awarded a team led by The Charles Stark Draper Laboratory, Inc., which includes Defendant, a $73 million contract to deliver payloads to the moon, the largest contract Defendant had been awarded at the time. Defendant denies the remaining allegations in Paragraph 32.

33. Defendant admits that Plaintiff authored unique, scholarly articles during his employment with Defendant and ispace. Defendant denies the remaining allegations in Paragraph 33.

34. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 34 and therefore denies the same.

35. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 35 and therefore denies the same.

36. Defendant states that the terms "his work" and "major media and publication sources" are too vague and ambiguous for Defendant to admit or deny the allegations in Paragraph 36 and therefore denies the same.

37. Defendant states that the allegations in Paragraph 37 are too vague and ambiguous for Defendant to admit or deny them and therefore denies them.

38. Defendant admits the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant states that the terms "Japanese engineers" and "non-Japanese team leads" are too vague and ambiguous for Defendant to admit or deny the allegations in Paragraph 43 and therefore denies them.

44. Defendant admits that Mohamed Ragab was temporarily in charge of leading the Lunar Lander project. Defendant states that the phrases "some of the largest space companies" and "Japanese members of the software team" are too vague and ambiguous for Defendant to admit or deny the second and third sentences of Paragraph 44 and therefore denies the same. Defendant denies the remaining allegations in Paragraph 44.

45. Defendant admits that Ragab was removed from his position leading the Lunar Lander project by CEO Hakamada and that the Lunar Lander project was led by an employee who was of Japanese national origin. Defendant denies the remaining allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant admits that in April 2019, certain employees of ispace, inc. anonymously received a Slack conversation between Daisuke Furutomo, Kenya Ueno, Yuuya Sugita, Fumiaki Yamana, and Ryo Ujiie. Defendant admits that after a number of years with ispace, inc., Ryo Ujiie was promoted to Chief Technology Officer of ispace. Defendant denies the remaining allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant admits that the participants in the Slack conversation complained to each other regarding their colleagues' incompetency (including both Japanese and non-Japanese employees). Defendant denies the remaining allegations in Paragraph 52, including all sub-parts.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant admits the allegations in Paragraph 55.

56. Defendant admits that it instructed employees who had received the Slack conversation to delete it. Defendant denies the remaining allegations in Paragraph 56.

57. Defendant admits the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant admits that Ryo Ujiie was promoted to Manager and later Chief Technology Officer of ispace by CEO Hakamada. Defendant denies the remaining allegations in Paragraph 60.

61. Defendant admits that CEO Hakamada stated to Plaintiff that he consulted with other CXOs including Ryo Ujiie regarding his decision to not extend Plaintiff's term of employment. Defendant denies the remaining allegations in Paragraph 61.

62. Defendant admits that Plaintiff returned to Tokyo from Luxembourg in March 2019. Defendant denies the remaining allegations in Paragraph 62.

63. Defendant admits that Plaintiff was not permitted to use the title of Vice President after this title was eliminated across the company and insisted that he use his actual title of Manager. Defendant denies the remaining allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant states that the phrases "upper management" and "reforms" are too vague and ambiguous to admit or deny the allegations in Paragraph 66 and therefore denies the same.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant admits that Plaintiff submitted a letter of resignation on June 30, 2020. Defendant denies the remaining allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant admits the allegations in footnote 3 to Paragraph 70. Defendant denies the remaining allegations in Paragraph 70.

71. Defendant admits that after receiving Plaintiff's resignation letter, CEO Hakamada asked Plaintiff to stay with the company. Defendant denies the remaining allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant admits that CEO Hakamada informed Plaintiff that ispace would be opening a new U.S. office and that Plaintiff would be appointed CEO of ispace U.S. Defendant denies the remaining allegations in Paragraph 73.

74. Defendant admits that Plaintiff withdrew his resignation. Defendant denies the remaining allegations in Paragraph 74.

75. Defendant admits the allegations in Paragraph 75.

76. Defendant admits that Plaintiff worked for Defendant during the COVID-19 pandemic and that Defendant increased its workforce to over forty employees during Plaintiff's employment. Defendant denies the remaining allegations in Paragraph 76.

77. Defendant admits that in the summer of 2022, NASA awarded Team Draper, which includes Defendant, a $73 million Commercial Lunar Payload Services ("CLPS") contract. Defendant denies the remaining allegations in Paragraph 77.

78. Paragraph 78 is a legal conclusion to which no response is required. Further, Defendant states that the allegations in Paragraph 78 are subject to Defendant's partial Motion to Dismiss which is contemporaneously filed herewith. As such, no response to the allegations in this Paragraph is yet required.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant admits that Hiroki Furihata was involved in leading contractual negotiations regarding the CLPS contract. Defendant denies the remaining allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant states that the phrase "such actions" is too vague and ambiguous to admit or deny the allegations in Paragraph 82 and therefore denies them.

83. Defendant states that the phrase "Japanese people" is too vague and ambiguous to admit or deny the allegations in Paragraph 83 and therefore denies them.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant admits that CEO Hakamada explained to Plaintiff that Plaintiff would no longer be allowed to manage the company. Defendant admits that Plaintiff stated to CEO Hakamada that Japanese people are "afraid of Americans," and CEO Hakamada repeated Plaintiff's words. Defendant denies the remaining allegations in Paragraph 86.

87. Defendant admits that CEO Hakamada stated to Plaintiff that he consulted with other CXOs (CTO Ryo Ujiie, CFO Jumpei Nozaki and CRO Atsushi Saiki) before deciding not to extend Plaintiff's term of employment. Defendant denies the remaining allegations in Paragraph 87.

88. Defendant admits that CEO Hakamada stated to Plaintiff that he had not yet found a replacement for Plaintiff and that he would fulfill the responsibilities of this role until ispace hired a replacement. Defendant denies the remaining allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant admits that CEO Hakamada told Mr. Acierno that "many of the people don't match this job. I think we need to be very selective," and "the pool of candidates is not big." Defendant denies the remaining allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant admits the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant is without information or knowledge sufficient to admit or deny the allegations in this Paragraph and therefore denies the same.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant admits that while Plaintiff was employed by Defendant, Defendant's revenue accelerated. Defendant denies the remaining allegations in Paragraph 96.

10

97. Defendant admits to the first sentence of Paragraph 97. Defendant admits that Plaintiff established relationships with space agencies and customers. Defendant denies the remaining allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

100. Defendant denies the allegations in Paragraph 100.

101. Defendant incorporates by reference its answers to all other paragraphs of the Complaint as if fully set forth herein.

102. Defendant admits that upon information and belief, and to the best of its knowledge, Plaintiff is a Caucasian male born in Canada. Defendant states that it is without knowledge or information sufficient to form a belief as to Plaintiff's "ancestry" and therefore denies this allegation. Defendant states that footnote 4 to Paragraph 102 states a legal conclusion to which no response is required. To the extent a response is required, Defendant refers all questions regarding the applicability of statutes and case law to the Court.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant incorporates by reference its answers to all other paragraphs of the Complaint as if fully set forth herein.

110. Defendant denies the allegations in Paragraph 110.

111. Defendant denies the allegations in Paragraph 111.

112. Defendant denies the allegations in Paragraph 112.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117.

118. Defendant incorporates by reference its answers to all other paragraphs of the Complaint as if fully set forth herein.

119. Defendant denies the allegations in Paragraph 119. Defendant states that footnote 5 to Paragraph 119 states a legal conclusion to which no response is required. To the extent a response is required, Defendant refers all questions regarding the applicability of the statute and case law cited to the Court.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

122. Defendant denies the allegations in Paragraph 122.

123. Defendant denies the allegations in Paragraph 123.

124. Defendant denies the allegations in Paragraph 124.

125. Defendant incorporates by reference its answers to all other paragraphs of the Complaint as if fully set forth herein.

126. Defendant denies the allegations in Paragraph 126.

127. Defendant denies the allegations in Paragraph 127.

128. Defendant states that the allegations in Paragraph 128 state a legal conclusion to which no response is required. To the extent a response is required, Defendant refers all questions regarding the applicability of statutes and case law to the Court.

129. Defendant denies the allegations in Paragraph 129.

130. Defendant denies the allegations in Paragraph 130.

131. Defendant denies the allegations in Paragraph 131.

132. Defendant denies the allegations in Paragraph 132.

133. Defendant denies the allegations in Paragraph 133.

134. Defendant denies the allegations in Paragraph 134.

135. Defendant incorporates by reference its answers to all other paragraphs of the Complaint as if fully set forth herein.

136. The allegations in Paragraph 136 are subject to Defendant's partial Motion to Dismiss which is contemporaneously filed herewith. As such, no response to the allegations in this Paragraph is yet required.

137. The allegations in Paragraph 137 are subject to Defendant's partial Motion to Dismiss which is contemporaneously filed herewith. As such, no response to the allegations in this Paragraph is yet required.

138. The allegations in Paragraph 138 are subject to Defendant's partial Motion to Dismiss which is contemporaneously filed herewith. As such, no response to the allegations in this Paragraph is yet required.

139. The allegations in Paragraph 139 are subject to Defendant's partial Motion to Dismiss which is contemporaneously filed herewith. As such, no response to the allegations in this Paragraph is yet required.

140. The allegations in Paragraph 140 are subject to Defendant's partial Motion to Dismiss which is contemporaneously filed herewith. As such, no response to the allegations in this Paragraph is yet required.

141. The allegations in Paragraph 141 are subject to Defendant's partial Motion to Dismiss which is contemporaneously filed herewith. As such, no response to the allegations in this Paragraph is yet required.

142. Defendant denies each and every allegation of the Complaint that is not specifically admitted herein and specifically denies that Plaintiff is entitled to any relief whatsoever from Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant states that it undertook good faith efforts to comply with all applicable laws, thus barring Plaintiff's claim for punitive damages in that, without limitation, Defendant strictly prohibits discrimination, harassment, and retaliation. Neither Defendant nor any individual acting on its behalf engaged in any conduct giving rise to the recovery of punitive damages.

2. Defendant states that it exercised reasonable care to prevent and promptly correct any alleged discrimination.

3. Defendant states that any alleged unlawful conduct engaged in by its agents or employees, supervisory or otherwise, was outside the scope of their employment and was contrary to Defendant's good faith efforts to comply with any and all applicable laws regarding non-discrimination and non-retaliation in employment.

4. Defendant states that each employment decision challenged in this action was made based on legitimate, non-discriminatory business judgments (including without limitation consideration of Plaintiff's job performance).

5. Defendant states that Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

6. Defendant states that Plaintiff cannot establish a prima facie claim necessary to recover under any statute.

7. Defendant states that it would have made the same decisions regardless of any consideration of Plaintiff's race or national origin.

8. Defendant states that all actions taken towards Plaintiff were consistent with Plaintiff's status as an at-will employee, and were proper, justified, and in good-faith.

9. Defendant states that to the extent Plaintiff has failed to mitigate his alleged damages, his claims for damages are barred or subject to reduction. Discovery is ongoing.

10. Defendant states that the damages sustained by Plaintiff, if any, were solely caused by Plaintiff's own conduct or the conduct of others over whom Defendant had no control and for which Defendant cannot be liable. For example, Plaintiff is responsible for his own job performance.

11. Defendant states that Plaintiff's burden of proof is to support a punitive damage recovery by clear and convincing evidence.

12. Defendant states that certain of Plaintiff's claims are barred by the applicable statutes of limitation.

13. Defendant states that Plaintiff's claims are barred, in whole or in part, because he has failed to timely exhaust some or all available internal and/or administrative remedies.

14. Defendant states that Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies or otherwise comply with administrative requirements.

15. Defendant states that Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's claims exceed the scope of his Charge of Discrimination with the Equal Employment Opportunity Commission.

16. Defendant states that Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, estoppel, and waiver.

17. Defendant states that Plaintiff's claims are barred, in whole or in part, to the extent he failed to report any alleged discrimination or retaliation to Defendant by internal channels.

18. Defendant states that some or all of Plaintiff's claims and/or damages may be limited and/or foreclosed under the after-acquired evidence doctrine.

19. Defendant states that there is no basis in law or in fact on which Plaintiff is entitled to recover damages.

20. Defendant states that Plaintiff's alleged damages, if any, were not caused by Defendant.

21. Defendant states that Plaintiff's request for certain forms of equitable relief, such as attorneys' fees, are for the Court, and not a jury, to decide, and Plaintiff is not entitled to any form of relief by the allegations stated in his Complaint.

22. Defendant states that Plaintiff's Complaint and each of the purported causes of action contained therein are barred, in whole or in part, on the basis that Plaintiff would be unjustly enriched if allowed to recover certain damages alleged in the Complaint.

23. Defendant states that to the extent Plaintiff is awarded damages, such damages should be reduced by any of the following types of payments received by Plaintiff since the occurrence of any adverse employment action: interim/mitigation earnings, retirement benefits, Social Security benefits, short-term disability, long-term disability, workers' compensation, unemployment compensation benefits, and any similar benefits provided by any other government.

24. Defendant states that any damages awarded in response to Plaintiff's action, for which all liability is denied, are subject to any applicable limit or cap, as provided by law, including, but not by way of limitation, the Title VII cap on damages.

25. Defendant states that Plaintiff's maintenance of this action is frivolous, vexations, and unreasonable, thereby entitling Defendant to recovery of its reasonable attorney's fees.

WHEREFORE, Defendant, ispace U.S., denies that Plaintiff is entitled to any relief as a result of the allegations set forth in Plaintiff's Complaint, and requests that judgment be entered in its favor and that it be awarded its costs and disbursements incurred in this action, including attorneys' fees and such other and further relief as this Court may deem just and proper.

Dated: September 7, 2023                          Respectfully submitted,


                                                  */s/ Julia A. Pair*_____
                                                  Amanda E. Colvin
                                                  Julia A. Pair
                                                  BRYAN CAVE LEIGHTON PAISNER LLP
                                                  One Metropolitan Square
                                                  211 N. Broadway, Suite 3600
                                                  St. Louis, MO 63102-2750
                                                  Phone: (314) 259-2000
                                                  Fax: (314) 259-2020
                                                  amanda.colvin@bclplaw.com
                                                  julia.pair@bclplaw.com

                                                  L. Anthony George, #24953
                                                  BRYAN CAVE LEIGHTON PAISNER LLP
                                                  1700 Lincoln Street, Suite 4100
                                                  Denver, CO  80203
                                                  Phone: (303) 861-7000
                                                  Fax:    (303) 866-0200
                                                  anthony.george@bclplaw.com

                                                  *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September, 2023, a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** was served via CM/ECF on the following:

Siddhartha H. Rathod
Azra B. Taslimi
Iris Halpern
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205

*Attorneys for Plaintiff*

                                                                *s/ Julia A. Pair*_____