## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-1464

KYLE ACIERNO

      Plaintiff,

v.

ISPACE TECHNOLOGIES U.S. INC., a foreign corporation
.

      Defendant.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1.   DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A scheduling conference in this case will be held on September 18, 2023 at 9:30 a.m. in Courtroom C-204. The parties will be represented at the conference as follows:

**For Plaintiff:**

Siddhartha Rathod
Azra Taslimi
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
sr@rmlawyers.com
at@rmlawyers.com

**For Defendant:**

Amanda E. Colvin
Julia A. Pair

BRYAN CAVE LEIGHTON PAISNER LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63108
Telephone: (314) 259-2000
Fax: (314) 259-2020
Amanda.colvin@bclplaw.com
Julia.pair@bclplaw.com

## 2. STATEMENT OF JURISDICTION

The Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:** Kyle Acierno dedicated himself to ispace for seven years. He is a well-respected expert in the field of space exploration with a long track record of dedication, success, and technical knowhow. Mr. Acierno has won international acclaim for his work and achievements. He lived in Japan for a total of 3 years and, at the request of the company, spent two years each in both Luxembourg and the United States. He opened those offices alone, grew them virtually single-handedly, all the while establishing close relationships with space agencies and customers. As Chief Executive Officer (CEO) of Defendant, Mr. Acierno started the U.S. Office, growing it from a four-person enterprise into a multi-million-dollar international player in the space exploration sector. In the summer of 2022, his dedication paid off when Defendant secured a $73 million contract with NASA. However, shortly after this significant achievement, the founder and CEO of ispace Japan, Takeshi Hakamada abruptly terminated Mr. Acierno's employment with ispace. While devasted by the termination, Mr. Acierno was not surprised, given ispace's pervasive "anti-foreigner" culture. In his time at ispace, Mr.

Acierno was repeatedly subjected to discrimination, hostility, harassment, threats, and distrust from Japanese colleagues, including CEO Hakamada. Mr. Acierno was ultimately fired because ispace management felt he had become "too influential" as a foreigner. CEO Hakamada justified the termination by telling Mr. Acierno that the Japanese are "afraid of Americans" and that management was concerned that he would "take strong leadership" following the significant contract win.

b. **Defendant:** Defendant did not terminate Plaintiff due to his race or national origin. Defendant chose not to extend Plaintiff's term of employment following Plaintiff's consistent failure to fulfill the essential responsibilities of his position as Chief Executive Officer of Defendant. Defendant provided Plaintiff written performance feedback in which he was notified of the deficiencies in his performance, and Plaintiff failed to take corrective action to improve his performance. Defendant incorporates by reference the affirmative and other defenses set forth in its Answer and Affirmative Defenses to Plaintiff's Complaint.

## 4. UNDISPUTED FACTS

**The following facts are undisputed by all parties:**

1. Venue is proper within this District under 28 U.S.C. § 1391(b).

2. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 28, 2022.

3. The EEOC issued Plaintiff a Notice of Right to Sue on March 14, 2023.

4. Plaintiff was employed as Chief Executive Officer of ispace technologies U.S.,

inc. from August 15, 2020 to August 17, 2022.

5.  Plaintiff's nationality is Canadian.

## 5. COMPUTATION OF DAMAGES

a. **Plaintiff**:   Plaintiff seeks back pay damages for the full amount of salary to date, plus approximately 33% salary as the value of benefits, minus mitigation earnings, if any. Plaintiff seeks front pay in lieu of reinstatement up to and including through the dates of intended retirement where applicable.

Plaintiff claims economic losses and compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, humiliation, inconvenience, mental anguish, and other losses; Plaintiff seeks punitive damages to maximum amount for all claims allowed by law in an amount to be determined at trial; declaratory relief and injunctive relief, including prospective injunctive relief, as appropriate; as well as attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, and all other damages and relief legally recoverable including equitable relief.

Plaintiff additionally seeks a tax-offset where appropriate. For the vast majority of Americans, a lump-sum payment of damages will temporarily push them into a higher tax bracket in the year that the award is collected. Plaintiff intends to request a tax-offset to restore them to their rightful economic status. A tax offset serves to make Plaintiff whole for the loss of access to money that would have been available but for the Defendants' unlawful conduct. The amount of relief required to make a party whole varies from case to case depending on the individual's tax liability and the size of the award. Generally, the

4

tax offset is calculated by comparing the marginal tax rate for tax-filers of a similar profile (e.g., married, unmarried, family), as found in the IRS Revenue Procedures, and then calculating the percent of additional award needed to offset the bracket creep and higher tax penalty that arises as a result of the one-time lump payment. *See EEOC v. Beverage Dist. Co.*, LLC, Civ. No. 11-cv-02557, 2013 WL 6458735, *7-8 (D. Colo. Dec. 9, 2013), *aff'd in relevant part at* 780 F. 3d 1018, 1023-24 (10th Cir. 2015).

Plaintiff seeks pre- and post-judgment interest at the Colorado Statutory Rate of 8%.

Plaintiff seeks attorneys' fees and costs.

**Defendant:** Defendant does not presently assert any damages beyond the reimbursement of its costs and attorneys' fees that are not subject to calculation until the conclusion of this action. By way of further response, Defendant states that discovery in this matter is ongoing. Should Defendant later determine it intends to assert any claim for damages, Defendant reserves the right to update its disclosures to identify any such damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   **Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on August 22, 2023, via video conference.

b.   **Names of each participant and party he/she represented.**

5

The following counsel participated in the 26(f) meeting: Siddhartha Rathod and Azra Taslimi represented Plaintiff. Amanda Colvin and Julia Pair represented Defendant ispace technologies U.S., inc.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Rule 26(a)(1) disclosures were made by both parties on September 5, 2023.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Defendant ispace has agreed to disclose Plaintiff's complete personnel file (as Defendant kept in the ordinary course for Plaintiff) upon entry of a Protective Order.

e. **Statement concerning any agreements to conduct informal discovery:**

The Parties do not have any agreements to conduct informal discovery.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1) The Parties have agreed to use a unified exhibit numbering system.

(2) The Parties agree to take all reasonable steps to reduce discovery and reduce costs.

(3) The Parties anticipate filing a Joint Stipulated Motion for Protective Order.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties anticipate that there may be discovery of electronically stored information such as cell phone data, e-mails, and social media posts, if any. The Parties agree to work collaboratively regarding the production of electronically stored information

6

and to submit a stipulated protocol for the search and production of electronically stored information to the court only if it becomes necessary in the course of discovery.

    **h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties have discussed the possible settlement of the case and the possibility of engaging in alternative dispute resolution or mediation. No agreement has been reached, but the Parties will continue to communicate regarding possible settlement.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

    **a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.

    **b.    Limitations which any party proposes on the length of depositions.**

The Parties agree to limit the length of depositions to seven (7) hours of actual deposition time.

    **c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties propose a limit of twenty-five (25) requests for production, not including sub-parts, and twenty-five (25) requests for admission per side.

    **d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:** The Parties request this deadline to be set prior to the discovery cut-off date.

    e.    **Other Planning or Discovery Orders:** The Parties intend to submit a Joint Proposed Protective Order prior to the production of any documents in this case.

## 9. CASE PLAN AND SCHEDULE

    a.    **Deadline for Joinder of Parties and Amendment of Pleadings:** November 8, 2023.

    b.    **Discovery Cut-off**: April 1, 2024.

    c.    **Dispositive Motion Deadline**: May 27, 2024.

    d.    **Expert Witness Disclosure**:

        1.    **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff: Plaintiff may endorse two or more experts to testify with respect to the Plaintiff's economic damages and human resources standards and practices.

Defendant: Defendant will designate rebuttal experts on the topics on which Plaintiff's experts are designated to provide an opinion. Defendant may also designate affirmative experts regarding Plaintiff's mitigation efforts and/or human resources standards and practices.

**Limitations which the parties propose on the use or number of expert witnesses.**

The Parties propose the following limits on retained experts, not including rebuttal experts:

- Plaintiffs: two (2) retained experts
- Defendant: two (2) retained experts

8

2. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 22, 2024.** This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

3. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 22, 2024.** This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C). Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by court. In addition to the requirements set forth in Rule 26(a)(2)(B)(10-vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

   e.   Identification of Persons to Be Deposed

*Preliminary List of Depositions*:

**Plaintiff**:

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Rule 30(b)(6) of Defendant ispace U.S. | 7 hours |
| Takeshi Hakamada | 7 hours |
| Sergio Antioquia | 7 hours |
| Jakub Gramatyka | 7 hours |
| Mohammad Ragab | 7 hours |
| Abdul Qadir | 7 hours |
| Patrick Shea | 7 hours |
| Jamie Denniston | 7 hours |
| Joseph Scott | 7 hours |
| Ana [Mestre?] | 7 hours |

**Defendants:**

9

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Kyle Acierno | 7 hours |
| Olyvia Beyette | 7 hours |
| Doug McVadon | 7 hours |
| Carlos Rabsiun | 7 hours |
|  |  |
|  |  |
|  |  |

Defendant notes that discovery is ongoing, and this list reflects only the deponents identified by Defendant as of the date of this proposed scheduling order. Defendant may conduct depositions of other witnesses as identified during discovery and anticipates each deposition to last 7 hours or fewer.

## 10. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times: _____

b.  A final pretrial conference will be held in this case on _____ at

o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to

the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b. Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a seven (7) day jury trial. Plaintiff has requested a trial to a jury.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne**

>**Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of ___, 2023

BY THE COURT:

_____
United States Magistrate Judge

**APPROVED:**

**For Plaintiff:**

*s/ Azra Taslimi*
Siddhartha Rathod
Azra Taslimi
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
sr@rmlawyers.com
at@rmlawyers.com

**For Defendant:**

Amanda E. Colvin
Julia A. Pair
BRYAN CAVE LEIGHTON PAISNER LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63108
Telephone: (314) 259-2000
Fax: (314) 259-2020
Amanda.colvin@bclplaw.com
Julia.pair@bclplaw.com

L. Anthony George
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: 303-861-7000
Fax: 303-866-0200
anthony.george@bclplaw.com